UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARA WECKHORST,           )<br>                              )<br>            Plaintiff,           )<br>v.                              )<br>                              )   Case No. 2:16-cv-02255-JAR-GEB<br>KANSAS STATE UNIVERSITY, )<br>an agency of the State of Kansas,  )<br>                              )<br>            Defendant.          )  | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
AND MEMORANDUM IN SUPPORT**

Plaintiff, Sara Weckhorst, through undersigned counsel, and pursuant to Rules 15(a) and (d) of the Federal Rules of Civil Procedure, moves for leave to file her First Amended Complaint to add relevant factual reports of sexual violence occurring after the filing of her Complaint which only recently became known to her.

As the following memorandum demonstrates, leave to amend the Complaint should be freely granted in this case based on newly discovered information that J.G., one of the K-State students who raped Sara, was recently arrested for raping another K-State student and criminally charged for raping both that student and Sara. That incident and its proximate circumstances resulted from K-State's refusal to investigate Sara's report of rape and to take action against J.G. and caused Sara additional emotional trauma. The second victim, Crystal Stroup, is joining Sara's Complaint as a Plaintiff.

Following J.G.'s arrest, K-State exercised disciplinary control over J.G. for his sexual assault of Crystal, which, like the rape of Sara, occurred off-campus. These newly discovered facts further demonstrate, beyond what was previously alleged in Sara's complaint, that K-State had – and finally exercised – control over the assailant, as it had refused to do in response to

1

Sara's reports of rape.  Further, such facts and allegations demonstrate K-State's deliberate indifference to reports of student-on-student sexual violence simply because it occurs off-campus.  These new facts demonstrate the real human tragedy resulting from K-State's unlawful policies, which enable potential serial rapists to freely prey upon unsuspecting students.

   In further support of her motion, Plaintiff states:

   1.   Federal Rule 15(a)(2) states that the Court should "freely give leave [to amend] when justice so requires."  <u>See</u> *Frank v. U.S. West, Inc.*, 3 F.3d 1357 (10th Cir. 1993)(denying leave to amend is "only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment").  Rule 15(d) also allows supplementation of pleadings to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

   2.   On October 6, 2015, J.G. raped another K-State student, Crystal Stroup in a manner very similar to his rape of Sara.  J.G. raped Crystal at University Crossings, an apartment complex for K-State students across the street from K-State, but off-campus.  Crystal did not know J.G. had previously raped Sara Weckhorst, or that Sara had reported him to K-State and K-State refused to investigate or take action against him.

   3.   In the spring of 2016, Crystal reported J.G. to the K-State Center for Advocacy, Response, and Education office, but the office did not alert her to her rights under Title IX, refer her case to the Title IX coordinator, or inform her of her right to file a complaint with the Office of Institutional Equity.  Despite receiving a second report of predatory sexual violence by J.G., K-State took no action against J.G. in response to Crystal's complaint.

4. Upon information and belief, K-State was advised in July or August 2016 that J.G. was arrested for the rape of Crystal. Upon further information and belief, in response, K-State conducted a threat assessment of J.G. and expelled him from K-State, exercising disciplinary control over him for sexual misconduct which occurred off-campus, despite its insistence to Sara that it could not do so after J.G. raped her at a fraternity house. J.G. has since left the K-State campus community and resides with his parents more than 100 miles away. K-State knew of the new factual information alleged and the direct connection to Sara before she learned the same.

5. Crystal's assault occurred after Sara reported to K-State that J.G. had raped her and pleaded with K-State to investigate to protect her and other students. K-State's inaction in response to Sara's reports left Crystal in unknown danger and gives rise to her claims against K-State contained in the First Amended Complaint. The allegations as to Crystal's claims overlap significantly with Sara's.

6. In September 2016, Sara learned from information provided by the Riley County Attorney's Office that J.G. had raped Crystal. J.G.'s assault of Crystal, and the circumstances related thereto, caused additional emotional harm to Sara, who had originally reported her own assault in an effort to prevent J.G. from preying on other students.

7. The Court should grant Sara leave to file her First Amended Complaint because she only recently learned about these facts, suffered additional emotional injury, and moved promptly to amend her Complaint. K-State was aware that J.G. raped a second student in spring 2016 when Crystal reported and learned in July or August 2016 that he had been arrested, though Plaintiff just learned of these additional facts. There is no delay, undue prejudice, or other grounds justifying denial of this Motion.

3

WHEREFORE, Plaintiff requests this Honorable Court enter an Order:

1. **Granting** Plaintiff Sara Weckhorst's Motion for Leave to File her First Amended Complaint, attached hereto as Exhibit A; and

2. **Granting** such other and further relief as justice so requires.

>Respectfully submitted,
>
>**PALMER, LEATHERMAN, WHITE, GIRARD & VAN DYK, LLP**
>
>By: /s/ *Dustin L. Van Dyk*  .
>Dustin L. Van Dyk    KS. S. Ct. #23313
>Gary D. White Jr.    KS. S. Ct. #15637
>Meaghan M. Girard    KS. S. Ct. #22085
>2348 SW Topeka Blvd.
>Topeka, KS  66111
>Phone: (785) 233-1836
>Fax:    (785) 233-3703
>**COUNSEL FOR PLAINTIFF**
>
>**THE FIERBERG NATIONAL LAW GROUP, PLLC**
>
>By: /s/ *Cari Simon*  .
>Cari Simon           CA. S. Ct. #284148
>Douglas E. Fierberg  DC. S. Ct. #418632
>P.O. Box 121
>105 East Philip Street
>Lake Leelanau, MI  49653
>Phone: (231) 256-7068
>Fax:    (231) 256-7069
>**COUNSEL FOR PLAINTIFF**
>*PRO HAC VICE*

4

## CERTIFICATE OF SERVICE

    I hereby certify that on November 28, 2016, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

                                                 /s/ *Dustin Van Dyk*         .
                                             **COUNSEL FOR PLAINTIFF**